Wilfred L. Lee Jr
leewilfred2011@gmail.com
91-1108 Kaimalie Street
Ewa Beach, Hawaii 96706
808-203-0881

Pro Se Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| Wilfred L. Lee Jr.        ) | |
|       Plaintiff,   ) | |
|                     ) | CIVIL NO. **4 - 21 CV - 00923 - Y - BJ** |
|   vs.                   ) | |
| 20/20 Communications, Inc   ) | |
| aka 20/20 Companies        ) | |
| And Entity and Entities, Singular   ) | |
| And Plural, Known and Unknown   ) | |
| Past and Present et.al         ) | |
|       Defendant(s),  ) | |
| _____ ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RULE 11
<u>SANCTIONS AGAINST DEFENDANT 20/20 COMMUNICATIONS, INC.</u>**

# TABLE OF CONTENTS

STATEMENT OF FACTS — Page 3

   A. Nine denials of factual contentious unwarranted on the evidence — Page 3

THE COURT HAS ORDERED SANCTIONS — Page 5

VIOLATION OF RULE 11(b)(1)&(4) — Page 6

FEDERAL RULE OF CIVIL PROCEDURE — Page 6

DEFENDANTS VIOLATED RULE 11(b)(1) and (4) — Page 7

   A. Defendant's Original Answer [Doc 45] presented for an improper purpose. — Page 8

   B. Defendant's Original Answer [Doc 45] denials in the pleading were unwarranted on the evidence. — Page 9

CONCLUSION — Page 10

# TABLE OF AUTHORITIES

CASES

| | |
|---|---|
| Matta v. May, 118 F.3d 410, 415 (5th Cir.1997) | Page 5 |
| National Association of Government Employees, Inc. v. National Federation of Federal Employees, 844 F.2d 216, 224 (5th Cir.1988) | Page 5 |
| Sheets v. Yamaha Motors Corporation, 891 F.2d 533, 537 (5th Cir.1990) | Page 5 |
| Whitehead v. Food Max of Mississippi, Inc., 332 F.3d 796, 805 (5th Cir.2003) | Page 5 |

STATUTES

| | |
|---|---|
| Fed. R. Civ. P Rule 11 | Page 6 |
| Fed. R. Civ. P. Rule 11(b)(1) | Page 6 |
| Fed. R. Civ. P. Rule 11(b)(4) | Page 6 |

**STATEMENT OF FACTS**

On March 16, 2021 Defendant 20/20 Communications, Inc. Legal Affairs Manager Ms. Janee Smith submitted to EEOC request for information the employer's hiring documents and answers to Plaintiff's race and age hiring discrimination charges.

Upon completion of the EEOC investigation, the agency made the documents and answers available under The Freedom of Information Act. The Plaintiff on July 16, 2021 received a file copy from the agency. Defendant on November 10, 2021, received a file copy from the agency.

On [2/16/2022] "Defendant's Original Answer to Plaintiff's Second Amended Original Complaint" Doc[45] was filed. When answering the complaint, nine denials of factual contentions unwarranted on the evidence as produced by exhibits in the Plaintiff's complaint Doc[40] and file documents obtained under the Freedom of Information Act.

A. **Nine denials of factual contentions unwarranted on the evidence**

Exhibits and file documents that support the factual contentions in Plaintiff's complaint are attached in the supporting appendix for this motion.

- **Paragraph 21: Denial**

21. The Defendant 20/20 Communications, Inc., determines the candidates work experience (sic) "Qualifies them for the role they will reach out to have a phone screen" and schedule the candidate to interview with the hiring manager."
[See Exhibit A Page 04]

3

- **Paragraph 23: Admits answer that is not the accurate quote**

23. The recruiter personally let the Plaintiff know that their "personality and positivity will be an asset to the team." and scheduled them for a first video conference interview on October 30, 2019 with the Defendant's hiring manager for the job Sara Wali.
[See Exhibit B Page 05]

- **Paragraph 27: Denial**

27. The Plaintiff had reason to believe that as an applicant and candidate with prior work history in Best Buy retail stores, a reference check about them with Best Buy management of the Aiea, Hawaii Best Buy store would be completed.
[See Exhibit C Page 06]

- **Paragraph 35: Denial**

35. The applicants and candidates of other races with prior work history in Best Buy retail stores, had a reference check about them with Best Buy management of the Aiea, Hawaii Best Buy retail store completed by the Defendant 20/20 Communications, Inc., before the Defendant rejected them for the job.
[See Exhibit C Page 06]

- **Paragraph 39: Denial**

39. The Defendant 20/20 Communications, Inc. from the EEOC investigation disclosed that during the dates between October 29-31, 2019, when Plaintiff was an applicant and candidate for the job. The applicant and candidate for the job that motivated their decision to refuse to hire the Plaintiff on October 31, 2019 was Ryan Mina.
[See Exhibit E Page 09]

- **Paragraph 63: Denial**

63. The Plaintiff alleges the Defendant 20/20 Communications, Inc., hiring decision included statements about Plaintiff's appearance.
[See Exhibit D Page 08]

4

- **Paragraph 64: Denial**

    64. The Defendant 20/20 Communications, Inc., Do not say that the Plaintiff was not qualified for the job in the EEOC investigation.
    [See Exhibit D Page 08]

- **Paragraph 70: Denial**

    70. The Defendant 20/20 Communications, Inc., hiring manager during their hiring decision of the Plaintiff, referred to them as "not very articulate".
    [See Exhibit C Page 06]

- **Paragraph 79: Denial**

    79. Plaintiff was additionally referred to by the ageist code words "baggy-t shirt" to identify them as over 40 year of age.
    [See Exhibit D Page 08]

**THE COURT HAS ORDERED SANCTIONS**

Consequently, where it is objectively ascertainable that an attorney has submitted a pleading, written motion, and other paper paper to the court for an improper purpose, sanctions may be imposed.

See Whitehead v. Food Max of Mississippi, Inc., 332 F.3d 796, 805 (5th Cir.2003); Matta v. May, 118 F.3d 410, 415 (5th Cir.1997); Sheets v. Yamaha Motors Corporation, 891 F.2d 533, 537 (5th Cir.1990); National Association of Government Employees, Inc. v. National Federation of Federal Employees, 844 F.2d 216, 224 (5th Cir.1988).

In the Fifth Circuit, a district court must apply the "snapshot" rule: sanctions under Rule 11 may not be imposed "merely for the eventual failure of a claim; rather, sanctions are to be applied only where, *at the time of the filing,* the position advocated is unwarranted."

*See Matta v. May,* 118 F.3d 410, 415 (5th Cir.1997)

5

**VIOLATION OF RULE 11(b)(1)&(4)**

The Court will order sanctions for Defendant 20/20 Communications, Inc., violation of

Rule 11(b)(1) and (4) based on their answers to Plaintiff's Second Amended complaint.

**FEDERAL RULE OF CIVIL PROCEDURE**

FED. R. CIV. P Rule 11;

(a) Signature. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law

firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include non monetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

(5) Limitations on Monetary Sanctions. The court must not impose a monetary sanction:

(A) against a represented party for violating Rule 11(b)(2); or

(B) on its own, unless it issued the show-cause order under Rule 11(c)(3) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(6) Requirements for an Order. An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction.

(d) Inapplicability to Discovery. This rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37.

**DEFENDANTS VIOLATED RULE 11(b)(1) and (4)**

Federal Rule of Civil Procedure 11 provides in relevant part:

(b) Representations to Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney . . . is certifying that

7

to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

### A. Defendant's Original Answer [Doc 45] presented for an improper purpose.

Defendant violated Rule 11(b)(1) due to Defendant 20/20 Communications, Inc. purposeful failure to conduct a reasonable inquiry before filing the pleading. Shows Defendant's deliberate behavior for improper purpose to:

1. Harass, Defendant have repeatedly refused to objectively consent to the factual evidence of the documents and answers they submitted to the EEOC to repeatedly annoy, demean and terrorize Plaintiff.
2. Cause unnecessary delay,  This unnecessary delay prevents Plaintiff from presenting a dispositive Motion against Defendant in the matter of justice. Plaintiff has waited patiently for over two years for justice. To delay their goal of justice further is unnecessary.
3. Needlessly increase the cost of litigation, the defendant is a large company worth millions of dollars. Plaintiff has already suffered the economic loss of the alleged racial and age discriminatory hiring. Defendant by falsifying denials unwarranted by the evidence. Plaintiff faces needlessly increased expenses to litigate.

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information;

> B. **Defendant's Answers in the pleading were denials unwarranted on the evidence.**
>
> As shown by the supporting evidence in the appendix in support.
>
> The answers to Plaintiff's Second Amended Complaint [Doc.45] for paragraphs numbered 21, 23, 27, 35, 39, 63, 64, 70, 79 are unwarranted on the evidence.

When a party to the case has filed a paper before the Court for a improper purpose, denials unwarranted by the evidence the Court has ordered sanctions against the violator and expenses to the party for preparing the motion. As a Pro Se I have maintained a courtesy and professional demeanor with Defendant's counsel. Including not attempting to argue the law with a jurist. I have been patient and listened to the Defendant's side of the dispute even while they paraded around about how strong their defenses are and how they will win summary judgment. Making those presumptions that they will prevail. You would not expect that in answering Plaintiff's Second Amended complaint. Defendant's very first action taken intentionally was to make denials of factual contentions unwarranted and those specifically identified are unreasonable based on the documented facts available. Which are of the request for information answers to the EEOC. Represented by professional counsel you believe Defendant would follow the Federal Rules of Civil Procedure.

9

**CONCLUSION**

The reasons the Court should strike the Defendant Answer with prejudice? Upon the Court's finding that Rule 11 has been violated, sanctions must be imposed. Defendant had reasonable access and information to make factual contention warranted by the evidence and reasonable belief. The exhibits in the supporting appendix prove this.

Dated: April 6 th , 2022

Respectfully Submitted,

/s/ Wilfred L. Lee Jr.
Pro Se Plaintiff
Wilfred L. Lee Jr
leewilfred2011@gmail.com
91-1108 Kaimalie Street
Ewa Beach, Hawaii 96706
808-203-0881

CERTIFICATE OF SERVICE

I hereby certify that on the 8 th day of April, 2022 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Wilfred L. Lee Jr.
Wilfred L. Lee Jr.
Pro Se Plaintiff
